IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON CORPORATION, A DELAWARE CORPORATION, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-5CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5CB Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 74594 <br><br> **FILED** <br><br> APR 16 2020 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant argues that the district court erred in determining that its predecessor had not tendered the superpriority portion of the HOA's lien before the foreclosure sale. We discern no error, as Miles Bauer's June 2013 letter, which offered to pay the superpriority lien amount once that

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

amount was determined, was insufficient to constitute a valid tender. *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 136 Nev., Adv. Op. 6, ___ P.3d ___ (2020). We decline to consider appellant's arguments, raised for the first time in its reply brief, that formal tender should have been excused. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

Appellant contends that the district court nevertheless should have set aside the foreclosure sale based on equitable concerns. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747, 405 P.3d 641, 647 (2017) (explaining that there must be a showing of fraud, unfairness, or oppression affecting the sale for it to be set aside on equitable grounds). Appellant asserts that the HOA agent's response to the June 2013 letter misled Miles Bauer or appellant's predecessor into believing that the first deed of trust would not be extinguished by the HOA foreclosure. Relatedly, appellant asserts that the response to the June 2013 letter prevented Miles Bauer from making a formal tender. However, appellant did not present any evidence that appellant's predecessor or Miles Bauer interpreted the letter in either of those ways. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) ("Arguments of counsel are not evidence and do not establish the facts of the case." (internal quotation and alteration omitted)). And we are not persuaded that the inclusion of the June 2013 letter in the record, in and of itself, gives rise to an inference that Miles Bauer or appellant's predecessor actually interpreted the letter in either of the ways appellant proffers. *Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that a party opposing summary judgment must "do more

than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation marks omitted)).  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. Eric Johnson, District Judge
        Akerman LLP/Las Vegas
        Kim Gilbert Ebron
        Eighth District Court Clerk